UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV2291 JAR |
| ) | |
| ST. LOUIS CITY JUSTICE CTR., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's amended complaint, pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court finds that plaintiff's amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Background

Plaintiff is an inmate at the Canaan United States Penitentiary at Waymart, Pennsylvania. He filed this action pursuant to 42 U.S.C. § 1983 on December 7, 2012, alleging violations of his civil rights.

At the time he filed his complaint, plaintiff moved to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Plaintiff was granted leave to proceed in forma pauperis on March 19, 2013. Under § 1915, a Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious fails to state a

claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. After reviewing plaintiff's complaint, the Court found that although plaintiff might be able to assert a claim based upon the denial of a Constitutional right, he failed to state a claim upon which relief could be granted at that time because his complaint was silent as to whether he was suing the named defendants in their official and/or individual capacities. He was ordered to file an amended complaint in compliance with the Court's instructions at that time.

## The Amended Complaint[1]

Plaintiff alleges violations of his civil rights during his incarceration at the St. Louis City Justice Center in September of 2011. Named as defendants are: the St. Louis City Justice Center; L. Edward; R. Moore; T. Harry; Unknown Sims; T. Henderson; and a Federal U.S. Marshal. Plaintiff's amended complaint is silent as to the capacity under which he is suing defendants.

---

[1] In addition to a document filed on April 1, 2013 on a complaint-form, which this Court deems plaintiff's amended complaint [Doc. #7], plaintiff has additionally filed two separate letters with the Court, the first filed on April 4, 2013 and the second filed on April 12, 2013. Plaintiff appears to want this correspondence filed as supplements to his amended complaint. [Doc. #8 and #9]. Although the Court does not usually accept supplemental filings to a complaint, the Court will accept the filings in this instance.

Plaintiff asserts that a guard at the St. Louis City Justice Center, defendant Sims, was bringing drugs into the Justice Center to two inmates, Robert Scott and Larry Hamilton. Plaintiff alleges that Sims and Scott were having a sexual relationship, and that Sims told Hamilton and Scott that plaintiff had "snitched" on friends and family members of Hamilton's. Plaintiff claims that Scott and Hamilton put a "hit" out on his life as a result of Sims' sharing of confidential information about plaintiff's FBI informant status.

Plaintiff claims that he was "jumped" on September 11, 2011, while being housed by the Feds (the U.S. Marshals) at the St. Louis City Justice Center. He claims his attackers were inmates Larry Hamilton and D. Jackson.

Plaintiff alleges that despite knowledge of known enemies, on May 31, 2012, he was sent back to the St. Louis City Justice Center and housed in 3-D Pod with D. Jackson, one of his attackers. Plaintiff seeks monetary damages in his complaint.

## Discussion

When the Court reviewed plaintiff's original complaint on March 19, 2013, he was told that his complaint failed to state a claim for relief as written because the complaint was silent as to whether he was suing the named defendants in their official and/or individual capacities. Plaintiff was given time to amend his

complaint to name each defendant in either their individual or official capacity or both.  However, his amended complaint is again silent as to the capacity under which he is suing defendants.

Where a "complaint is silent about the capacity in which [plaintiff] is suing a defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).   Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.  To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation.  Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978).  The amended complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's constitutional rights.  As a result, the amended complaint fails to state a claim upon which relief can be granted against the individual defendants.

Moreover, as plaintiff was told in the Court's March 19, 2013 Memorandum and Order, plaintiff's claim against St. Louis City Justice Center is legally frivolous because the Justice Center is not a suable entity.  Ketchum v. City of

West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint because the amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of July, 2013.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE